## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GAIL REBHAN** | * | |
| **4510 Ellicott Street, N.W.** | | |
| **Washington, D.C. 20016** | * | |
| | | |
| **MARK KACHOR** | * | |
| **4510 Ellicott Street, N.W.** | | |
| **Washington, D.C. 20016** | * | |
| | | |
| **Plaintiffs** | * | |
| | | |
| **v.** | * | **Civil Action No. _____** |
| | | |
| **SEARS, ROEBUCK AND CO.** | * | |
| **3333 Beverly Road** | | |
| **Hoffman Estates, Illinois 60179** | * | |
| | | |
| **Defendant** | * | |
| | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

Defendant, Sears, Roebuck and Co. ("Sears"), by its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Superior Court of the District of Columbia, Civil Action No. 2008 CA 004090 V, to the United States District Court for the District of Columbia. In support of removal, Defendant avers as follows:

1. On June 5, 2008, Defendant was served with a Complaint Motor Vehicle Negligence, Loss of Corsortium and Jury Demand (the "Complaint") filed by Plaintiffs, Gail Rebhan and Mark Kachor, in the Superior Court of the District of Columbia, Civil Action No. 2008 CA 004090 (the "State Court Action"), a Summons issued by the Clerk of the Superior Court of the District of Columbia, an Initial Order issued by Judge Odessa F. Vincent in the State Court Action,

Interrogatories, and Specifications, true and correct copies of which are attached hereto as **Exhibits A-E** and incorporated herein by reference.

2.      On June 24, 2008, Defendant Sears filed its Answer to Complaint and Corporate Disclosure Statement, true and correct copies of which are attached hereto as **Exhibit F** and **G**.

3.      Plaintiffs are citizens of the District of Columbia.

4.      Defendant is a corporation incorporated under the laws of the State of New York having its principal place of business in the State of Illinois.

5.      Plaintiff Gail Rebhan seeks damages in the amount of $500,000.00 as to Count I, exclusive of interest and costs.  Plaintiff Mark Kachor seeks damages in the amount of $50,000.00 as to Count II, exclusive of interest and costs.  See **Exhibit A**, Complaint, p. 3.

6.      There exists complete diversity of citizenship between the Plaintiffs and Defendant, as the Defendant is not a citizen of the District of Columbia, in which the State Court Action has been brought and the matter in controversy exceeds, exclusive of interest and costs the sum or value of $75,000.00; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  On that basis, this action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b).

7.      Defendant first received the Complaint, through service or otherwise, on June 5, 2008, and therefore this removal is timely, pursuant to 28 U.S.C. § 1446(b).

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, papers, and orders which have been served upon Defendant in this matter are attached hereto as **Exhibits A-E.**

**WHEREFORE,** Defendant, Sears, Roebuck and Co., prays that this action be removed.

Respectfully submitted,

Robin Silver
D.C. Bar No. 393290
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Attorney for Defendant,
Sears Roebuck and Co.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2008, a copy of the foregoing **Notice of**

**Removal** was mailed first-class, postage prepaid, to:

Richard A. Bussey, Esquire
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036

Attorney for Plaintiffs

Robin Silver

# *EXHIBIT A*

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

GAIL REBHAN
4510 Ellicott Street, N.W.
Washington, D.C. 20016

and

MARK KACHOR
4510 Ellicott Street, N.W.
Washington, D.C. 20016

     Plaintiffs

v.

SEARS, ROEBUCK AND CO.
3333 Beverly Road
Hoffman Estates, Illinois 60179

SERVE:  C T Corporation System
     1015 15th Street, N.W.
     Suite 1000
     Washington, D.C. 20005

     Defendant

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

RECEIVED
Civil Clerk's Office
JUN 0 2 2008
Superior Court of the
District of Columbia
Washington, D.C.

0004090-08

Civil Action No.: _____

## **COMPLAINT**

### COUNT I
### (Motor Vehicle Negligence)

1.    Plaintiffs Gail Rebhan and Mark Kachor sue defendant Sears, Roebuck and Co. for injuries and damages they have sustained as a result of the negligence of the defendant.  Jurisdiction lies in this Court pursuant to District of Columbia Code § 11-921. The amount in controversy exceeds, exclusive of interest and costs, the sum of $5,000.00.

2.    On December 23, 2006, at approximately 10:41 a.m., plaintiff Gail Rebhan was walking northbound in the east crosswalk crossing Garrison Street, N.W. at its

intersection with 45th Street, N.W. in Washington, D.C. when she was struck by a truck owned by defendant Sears, Roebuck and Co. and operated by Mayamba Tshisuaka-Kanda which was turning left from southbound 45th Street, N.W. onto eastbound Garrison Street, N.W.

3.      At the time of the occurrence, Mayamba Tshisuaka-Kanda was an agent and employee of defendant Sears, Roebuck and Co. and was operating the truck within the course and scope of his employment with defendant Sears, Roebuck and Co., which is responsible for Mayamba Tshisuaka-Kanda's actions.

4.      At the time of the occurrence, Mayamba Tshisuaka-Kanda was operating a truck owned by defendant Sears, Roebuck and Co. with the consent of defendant Sears, Roebuck and Co..  Mayamba Tshisuaka-Kanda was the statutory agent of defendant Sears, Roebuck and Co., which is responsible for Mayamba Tshisuaka-Kanda's actions.

5.      The striking of plaintiff Gail Rebhan, as aforesaid, was caused by the negligence of defendant Sears, Roebuck and Co., acting by and through its agent and employee Mayamba Tshisuaka-Kanda.  Such negligence included, but was not limited to, failing to devote full time and attention to the operation of a motor vehicle, failing to keep a proper lookout, failing to operate a motor vehicle at a speed so controlled as necessary to avoid colliding with a pedestrian, failing to yield the right-of-way to a pedestrian crossing the roadway in a pedestrian crosswalk, and making an improper left turn, all in violation of applicable District of Columbia traffic regulations.

6.      As a direct and proximate result of the negligence of defendant Sears, Roebuck and Co., as aforesaid, plaintiff Gail Rebhan sustained serious and permanent injuries, including but not limited to injuries to her head, left shoulder, low back, and

2

right foot. Because of the injuries, plaintiff Gail Rebhan has been caused to incur and will incur in the future medical and related expenses; has incurred a loss of earnings and an impairment of her earning capacity; has been caused to undergo and will undergo in the future physical and mental pain and suffering; and has been and will continue to be prevented from engaging in her usual and customary activities.

WHEREFORE, plaintiff Gail Rebhan demands judgment against defendant in the sum of $500,000.00, plus costs.

## COUNT II
### (Loss of Consortium)

7.    Plaintiff Mark Kachor re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-6 above.

8.    Plaintiffs Mark Kachor and Gail Rebhan are husband and wife, were husband and wife at the time of the aforesaid occurrence, and remain married to one another. As a result of the injuries sustained by plaintiff Gail Rebhan, plaintiff Mark Kachor has suffered a loss of marital society, services and consortium.

WHEREFORE, plaintiff Mark Kachor demands judgment against defendant in the sum of $50,000.00, plus costs.

Richard A. Bussey #249672
RBussey@SteinMitchell.com
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 737-7777
(202) 296-8312 (fax)

3

**JURY DEMAND**

Plaintiffs demand a trial by jury of all issues so triable.

Richard A. Bussey

# *EXHIBIT B*

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
#### 500 Indiana Avenue, N.W., Room JM-170
#### Washington, D.C. 20001 Telephone: 879-1133

| Gail Rebhan, et al. |
|---|

*Plaintiff*

**VS.**

| Sears, Roebuck and Co. |
|---|

*Defendant*

Civil Action No.

0004090-08

**SUMMONS**

To the above named Defendant:

Sears, Roebuck and Co.
Serve: CT Corporation System
1015 15th Street, N.W.
Suite 1000, Washington, D.C. 20005

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Richard A. Bussey |
|---|

Name of Plaintiff's Attorney

| 1100 Connecticut Avenue, N.W., #1100 |
|---|

Address

| Washington, D.C. 20036 |
|---|

| (202) 737-7777 |
|---|

Telephone

By _Adrienne J. marsh_

Deputy Clerk

Date _6/2/2008_

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# *EXHIBIT C*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

GAIL REBHAN et al
   Vs.                             C.A. No.      2008 CA 004090 V
SEARS, ROEBUCK AND CO.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge ODESSA F VINCENT
Date:   June 2, 2008
Initial Conference: 9:00 am, Friday, September 05, 2008
Location:  Courtroom B-52
          510 4th Street, NW
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# *EXHIBIT D*

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

GAIL REBHAN                          :
4510 Ellicott Street, N.W.           :
Washington, D.C. 20016               :
                                     :
and                                  :
                                     :
MARK KACHOR                          :
4510 Ellicott Street, N.W.           :
Washington, D.C. 20016               :
                                     :
        Plaintiffs                   :
                                     :
v.                                   :          Case No.: 2008 CA 004090 V
                                     :
SEARS, ROEBUCK AND CO.               :
3333 Beverly Road                    :
Hoffman Estates, Illinois 60179      :
                                     :
SERVE:  C T Corporation System       :
        1015 15th Street, N.W.       :
        Suite 1000                   :
        Washington, D.C. 20005       :
                                     :
        Defendant                    :

## **INTERROGATORIES**

### TO:   **THE ABOVE NAMED DEFENDANT**

You are requested to answer the following Interrogatories:

a.   These Interrogatories are continuing in character, so as to require you to file

supplementary answers if you obtain further or different information before trial.

b.   Where the name or identity of a person is requested, please state full name,

home address, and also business address, if known.

c.   Unless otherwise indicated, these Interrogatories refer to the time, place and

circumstances of the occurrence mentioned or complained of in the pleadings.

d.    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, his attorneys. When answer is made by a corporate defendant, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

e.    The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause (d).

1.    Give the names, addresses and telephone numbers of all witnesses to the occurrence including those on the scene immediately before and immediately after the occurrence, and for each witness identified, state his or her point of observation of the occurrence.

2.    If you have any statement from any person identified by you as a witness to the occurrence in response to interrogatory No. 1 concerning the occurrence, please state who took the statement, when it was taken, and state if and when the witness signed the statement.

3.    Give the names, addresses and telephone numbers of all persons who otherwise have personal knowledge of facts concerning the occurrence.

4.    If you have any statement from any person identified by you as a person who otherwise has personal knowledge of facts concerning the occurrence in response to interrogatory No. 3, please state who took the statement, when it was taken, and state if and when the person signed the statement.

5.      If you intend to rely on the defense of (a) act of God, (b) sudden emergency, or (c) unavoidable accident, then state in detail the specific facts upon which you rely to support such defense, and the names and addresses of any witnesses you know of to support such defense.

6.      If you claim that any mechanical, electrical or other defect in your vehicle or any defect or defects in the road or traffic controls caused or contributed to the occurrence, then state in detail the specific facts upon which you rely and the names and addresses of any witnesses you know of to support your contention.

7.      If you claim that any other party or any person or entity not a party to this suit caused or contributed to the occurrence, then state in detail the specific facts upon which you rely and the names and addresses of any witnesses you know of to support your contention.

8.      If you claim that plaintiff Gail Rebhan was negligent or contributorily negligent, then state in detail the specific facts upon which you rely and the names and addresses of any witnesses you know of to support your contention.

9.      If you claim that plaintiff Gail Rebhan assumed the risk of the injuries she sustained, then state in detail the specific facts upon which you rely and the names and addresses of any witnesses you know of to support your contention.

10.     Identify each other defense on which you intend to rely and state in detail the specific facts upon which you rely in support of each such defense and the names and addresses of any witnesses you know of to support each such defense.

11.     State in detail any conversation you or your agents or representatives had with either plaintiff concerning the occurrence.

3

12.     If you have any statement from either plaintiff, please state who took the statement, when it was taken and state when and if the plaintiff signed the statement. If you are willing to furnish a copy of such statement without a formal motion to produce, please do so.

13.     State in detail any conversation you or your agents or representatives had with police officers concerning the occurrence.

14.     Identify each person who investigated the occurrence, the nature of the investigation and the persons who gave statements to each investigator.

15.     State whether Mayamba Tshisuaka-Kanda was employed by you on the date of the occurrence, and if so, whether he was engaged in the course and scope of his employment at the time of the occurrence.

16.     If you admit that Mayamba Tshisuaka-Kanda was employed by you on the date of the occurrence but deny that he was acting in the course and scope of his employment at the time of the occurrence, state in detail the facts upon which you will rely and the names and addresses of any witnesses you know of to support your contention.

17.     State whether you were the registered owner of the truck Mayamba Tshisuaka-Kanda was operating at the time of the occurrence, and if not, state the name and address of the registered owner and the circumstances under which you obtained possession of the vehicle.

18.     State whether you consented to Mayamba Tshisuaka-Kanda's operation of the truck on the date of the occurrence and at the time of the occurrence.

19.     Give a complete description of the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence including the year, make, model, color, motor, dry

4

weight, maximum loaded weight, length, type of transmission, type of brake system, type of steering system, horsepower, width of driver's seat and height of driver's seat from the ground.

20.    Describe in detail the type of load being hauled on the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence, including the nature of the material being hauled, the weight of the load being hauled, the manner in which the weight of the load was distributed on the truck, the place where the truck was loaded and the place to which the load was to be hauled.

21.    Describe in detail the location and extent of the damage to your vehicle, and if you had any estimate made of the damage, what was set forth in said estimate as to the damage done and the cost of repairing the damage.

22.    State whether you still have in your possession, custody or control the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence, and if not, state the date and manner of disposition of the truck, the identity of the entity or person to whom possession, custody or control was transferred, any information you have concerning the present location of the truck, and whether you have in your possession, custody or control a truck the same as or substantially similar to the truck, identifying all differences between the trucks.

23.    Identify any charts, maps, photographs, motion pictures, plats, drawings or any other graphic representations of the scene of the occurrence, the vehicle involved in the occurrence, or any parties or witnesses thereto, including a description of each such item, the preparer and the date of preparation.

5

24.    State whether or not Mayamba Tshisuaka-Kanda had consumed any alcoholic beverages, prescription medications, or other drugs during the 24 hours immediately prior to the occurrence, and if so, please state the type of substance consumed, the quantity consumed, the date, time and place of consumption, and the names and addresses of any witnesses to the consumption.

25.    Give a complete statement of the maintenance and repair record of the truck involved in the collision during the one-year period prior to the occurrence and any time subsequent to the occurrence, including the dates of maintenance and/or repairs, the reasons for maintenance and/or repairs, the type of maintenance and/or repairs, and the persons performing the maintenance and/or repairs.

26.    Identify all witnesses whom you intend to call at the trial of this case.

27.    Identify each person you expect to call as an expert witness at the trial of this action, and state the subject matter on which each expert is expected to testify, the substance of the facts and opinions as to which each expert is expected to testify, and a summary of the grounds for each opinion.

28.    At the time of the occurrence set forth in the complaint, was there in existence an insurance agreement under which you were insured with an insurance company which may be liable to satisfy a part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment? If so, identify the party or parties insured and state the name of the insurance company, policy number, and the dollar amount of liability coverage in each policy.

Richard A. Bussey, Esq. 249672
RBussey@SteinMitchell.com
Stein, Mitchell & Mezines, L.L.P.
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
(202) 737-7777
(202) 296-8312 (fax)

Attorney for Plaintiffs

7

# *EXHIBIT E*

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

GAIL REBHAN                          :
4510 Ellicott Street, N.W.           :
Washington, D.C. 20016               :
                                     :
and                                  :
                                     :
MARK KACHOR                          :
4510 Ellicott Street, N.W.           :
Washington, D.C. 20016               :
                                     :
        Plaintiffs                   :
                                     :
v.                                   :        Case No.: 2008 CA 004090 V
                                     :
SEARS, ROEBUCK AND CO.               :
3333 Beverly Road                    :
Hoffman Estates, Illinois 60179      :
                                     :
SERVE:  C T Corporation System       :
        1015 15th Street, N.W.       :
        Suite 1000                   :
        Washington, D.C. 20005       :
                                     :
        Defendant                    :

## SPECIFICATIONS

TO:    THE ABOVE NAMED DEFENDANT

Plaintiffs, through counsel, request defendant to respond within forty-five days after

service to the following requests:

That the defendant produce and permit plaintiffs to inspect and to copy each of the

following specified documents.  These definitions will apply to the specifications:

a.      The word "defendant" refers to the party to whom this request is addressed

and its agents, representatives, employees and unless privileged, its attorneys.

b.      The word "document" refers to all writings and graphic representations of any

kind or nature whatsoever, including but not limited to, all letters, notes, memoranda,

telegrams, correspondence, work papers, reports, leases and agreements, specifications, charts, maps, plats, drawings, photographs and motion pictures, whether or not intended for internal purposes only, that are now or have ever been in the possession of defendant.

1.    All applications for employment, personnel records and other documents relating to defendant's employment of Mayamba Tshisuaka-Kanda.

2.    All rules, regulations, policies, procedures or other documents promulgated by defendant governing operation of its vehicles.

3.    All training or instruction manuals, books, pamphlets or other documents provided by defendant to its agents, employees and representatives concerning operation of its vehicles.

4.    All documents summarizing, referring or relating to Mayamba Tshisuaka-Kanda's consumption of any alcoholic beverages, prescription medications, or other drugs during the 24 hours immediately prior to the occurrence.

5.    All statements given by either plaintiff to defendant concerning the occurrence.

6.    All accident reports submitted by Mayamba Tshisuaka-Kanda or any agent, employee or representative of defendant concerning the occurrence.

7.    All statements given by any witnesses to the occurrence or any persons who otherwise have personal knowledge of facts material to this case to defendant concerning the occurrence.

8.    All documents summarizing, referring or relating to any conversation defendant or its agents or representatives had with either plaintiff concerning the occurrence.

9.    All documents summarizing, referring or relating to any conversation defendant or its agents or representatives had with police officers concerning the occurrence.

10.    All reports, estimates, bills, receipts or other documents concerning the damage to and repair of the vehicle involved in the occurrence.

11.    All photographs, motion pictures, charts, maps, plats, drawings or any other graphic representations of the accident scene, the vehicle involved in the collision, or any parties or witnesses thereto.

12.    Any written report concerning this case or its subject matter made by an expert whom the defendant expects to testify at the trial of this case.

13.    All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

14.    All documents relating to defendant's ownership of the truck Mayamba Tshisuaka-Kanda was operating at the time of the occurrence.

15.    All documents relating to the driving record (including but not limited to prior accidents and moving violations) of Mayamba Tshisuaka-Kanda.

16.    All manifests, logs and other documents relating to the itinerary and operation of the truck involved in the occurrence on the date of the occurrence.

17.    All vehicle specifications and other documents describing the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence.

18.    All vehicle specifications and other documents describing each truck in the possession, custody or control of defendant which is the same as or substantially similar to the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence.

3

19.    All documents relating to inspections, maintenance and repairs of the truck involved in the collision during the one-year period prior to the occurrence and any time subsequent to the occurrence.

20.    All documents relating to the disposition of the truck Mayamba Tshisuaka-Kanda was driving at the time of the occurrence, including the date and manner of disposition of the truck, the identity of the entity or person to whom possession, custody or control was transferred, and the present location of the truck.

21.    All documents relating to any disciplinary actions or threatened actions by defendant against Mayamba Tshisuaka-Kanda.

22.    All documents, not specified above, which in any way relate or refer to defendant's answers to plaintiffs' interrogatories.

Production shall be made within 45 days after service, at the office of counsel for plaintiffs, 1100 Connecticut Avenue, N.W., Suite 1100, Washington, D.C. 20036.

Richard A. Bussey, Esq - 249672
RBussey@SteinMitchell.com
Stein, Mitchell & Mezines, L.L.P.
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
(202) 737-7777
(202) 296-8312 (fax)

Attorney for Plaintiffs

# *EXHIBIT F*

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **GAIL REBHAN, et al.,** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Civil Action No. 2008 CA 004090 V** |
| **SEARS, ROEBUCK AND CO.,** | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

**Defendant, Sears, Roebuck and Co.,** by its attorneys, Robin Silver, Vincent J. Palmiotto and Miles & Stockbridge P.C., in answer to the Complaint filed herein against it, states as follows:

1.      Paragraph 1 of the Complaint is denied.

2.      Defendant admits that Mayamba Kanda was operating a vehicle in response to paragraph 2 of the Complaint.  Defendant denies the Plaintiff was struck by a vehicle operated by Mayamba Kanda.  The answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint draws legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations contained in paragraph 3.

4.      Paragraph 4 of the Complaint draws legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations contained in paragraph 4.

5.      Paragraph 5 of the Complaint is denied.

6.     Paragraph 6 of the Complaint is denied.

7.     In response to paragraph 7 of the Complaint, the Defendant incorporates by reference each of its answers contained in paragraphs 1 – 6.

8.     In response to paragraph 8 of the Complaint, the Defendant is without information or knowledge sufficient to form a belief as to the truth of the legal status of any family members. Defendant denies the remaining allegations contained in paragraph 8.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Recovery by the Plaintiffs are barred because of the contributory negligence, or the comparative fault, or both, of the Plaintiffs or the Plaintiff's spouse.

## THIRD AFFIRMATIVE DEFENSE

Recovery is barred because of the assumption of the risk of the Plaintiffs or the Plaintiff's spouse.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant generally denies all liability alleged.

## SIXTH AFFIRMATIVE DEFENSE

Recovery for the Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff or Plaintiffs lacks capacity to sue or authority to sue in a representative capacity or both.

## DEMAND FOR JURY TRIAL

Defendant, Sears, Roebuck and Co., by its attorneys, Robin Silver, Vincent J. Palmiotto and Miles & Stockbridge P.C., hereby requests a trial by jury on all issues.

**WHEREFORE,** the above-named Defendant prays that the Complaint filed herein against it be dismissed with costs.

/s/ Vincent J. Palmiotto
Robin Silver
D.C. Bar No.  393290
Vincent J. Palmiotto
D.C. Bar No.  477337
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Attorneys for Defendant,
Sears Roebuck and Co.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2008, a copy of the foregoing **Answer**

was mailed first-class, postage prepaid, and electronically filed and served on:

> Richard A. Bussey, Esquire
> STEIN, MITCHELL & MEZINES
> 1100 Connecticut Avenue, N.W.
> Suite 1100
> Washington, D.C. 20036
>
> Attorney for Plaintiffs

/s/ Vincent J. Palmiotto
Vincent J. Palmiotto

# *EXHIBIT G*

### IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

GAIL REBHAN, et al.,                    *

     Plaintiffs                        *

v.                                       *        Civil Action No. 2008 CA 004090 V

SEARS, ROEBUCK AND CO.,                 *

     Defendant                         *

                          *

*   *   *   *   *   *   *   *   *   *   *   *   *

### SEARS, ROEBUCK AND CO.'S CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. SCR-Civil Rule 7.1(a), Defendant, Sears, Roebuck and Co., by its

undersigned counsel, hereby certifies that Sears, Roebuck & Co. is a wholly owned subsidiary of

Sears Holding Corp., a publicly traded company, which may have a financial interest in the

outcome of this litigation.

/s/ Vincent J. Palmiotto
Robin Silver
D.C. Bar No. 393290
Vincent J. Palmiotto
D.C. Bar No. 477337
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendant,
Sears Roebuck and Co.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2008, a copy of the foregoing

**Corporate Disclosure Statement** was mailed first-class, postage prepaid, and electronically filed

and served on:

> Richard A. Bussey, Esquire
> STEIN, MITCHELL & MEZINES
> 1100 Connecticut Avenue, N.W.
> Suite 1100
> Washington, D.C. 20036
>
> Attorney for Plaintiffs

_/s/ Vincent J. Palmiotto_
Vincent J. Palmiotto

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_GAIL REBHAN_____
Plaintiff

v.                              Civil Action No.    08 1162

                                                    JUL - 2 2008

_SEARS, ROEBUCK + CO._____
Defendant

   The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **BATES, J. JDB**_____ . All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

   Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

   Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

                          NANCY MAYER-WHITTINGTON, CLERK

                          By _Maureen Higgins_____
                             Deputy Clerk

cc: _Richard A. Bussey_                     929A
                                            Rev. 7/02

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I (a) PLAINTIFFS

Gail Rebhan
Mark Kachov

11001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard A. Bussey, Esquire
Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777

## DEFENDANTS

Sears, Roebuck and Co.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cook County, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-01162
Assigned To : Bates, John D.
Assign. Date : 7/2/2008
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ◉ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

─ ○ ─

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions** (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1332 and 28 U.S.C. Section 1441A

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 550,000.00    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 7/1/08

SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.